52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael Raymond WEATHERFORD, Plaintiff-Appellant,
v.
Robert E. LECUREUX; A. Kapture; Paul Gorton; P. Peterson;
R. Robbins; Pingatore; Peller; John Doe; Jane
Doe, Defendants-Appellees.
 No. 94-2092.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1995.
 
 1
 Before: BOGGS, SILER and GIBSON,* Circuit Judges.
 
 ORDER
 
 2
 Michael R. Weatherford appeals the summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The facts are largely undisputed, and are set forth in the district court's opinion. They will not be repeated here. Suffice it to say that Weatherford alleged that the defendant prison officials violated his First, Eighth, and Fourteenth Amendment rights when they searched his cell on February 18, 1992. According to the defendants, the search was precipitated by a memorandum posted by Weatherford inquiring about possible misconduct involving other inmates that had led to misconduct hearings, grievances, or actions. Weatherford claimed that some litigation files were taken during the search of his cell and not returned. He also alleged that because the pleadings were taken, he was unable to pursue certain cases properly, thus impeding his right of access to the courts. He further alleged that his transfer to Kinross Correctional Facility was in retaliation for the lawsuits he has filed. For relief, Weatherford sought declaratory, injunctive, and monetary relief. He sued the defendants in their individual and official capacities.
 
 
 4
 The defendants filed a motion for summary judgment on January 18, 1994. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted. Despite Weatherford's objections, the district court adopted the report and recommendation, except for the factual finding that no litigation files had been taken from Weatherford. The court stated that the issue of whether any files were missing could not be determined at the summary judgment stage, as it involved determining a matter of credibility of the various witnesses. Nevertheless, the court agreed with the magistrate judge that Weatherford failed to meet his burden on his claim concerning the lack of access to the courts because he failed to provide sufficient evidence to support his claim that he was prejudiced by not having the allegedly missing files.
 
 
 5
 Upon review, we affirm the district court's order as there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 6
 Weatherford has not shown that he was denied access to the courts. A litigant seeking to prove denial of access to the courts must show prejudice to pending litigation. The court will not presume prejudice. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). In this case, Weatherford has failed to demonstrate how the alleged confiscation of his legal papers prejudiced him in the prosecution of pending litigation. Weatherford stated that he lost some of the lawsuits, however, he provided no evidence that the absence of litigation files was a contributing factor. It was incumbent upon Weatherford to " 'put up or shut up' on [this] critical issue." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989). This Weatherford failed to do. Weatherford's failure to demonstrate any prejudice to any claim or pending litigation properly resulted in a grant of summary judgment in favor of the defendants.
 
 
 7
 Upon further review, we conclude that Weatherford has not established a claim of retaliation. Government officials may not retaliate against persons who have participated in constitutionally protected conduct. See Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). In order to prevail on this claim, Weatherford must establish that the defendants' actions constitute "egregious abuse of governmental power" or that such conduct otherwise "shocks the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Weatherford did not present evidence establishing that the search of his cell, the alleged removal of files, and his transfer were in retaliation for the exercise of his constitutional rights.
 
 
 8
 Weatherford does not raise his due process, Eighth Amendment, and conspiracy claims on appeal; therefore, they are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 9
 Finally, Weatherford's argument that the defendants waived their right to file a motion for summary judgment when they failed to object to the report and recommendation recommending denial of their Fed.R.Civ.P. 12(b)(6) motion is without merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation